**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

South Carolina Department of Social Services, Respondent,

v.

Andrew Walker and Anastasia Walker, Defendants,

Of whom Andrew Walker is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2022-001057

---

Appeal From Greenville County
Rochelle Y. Conits, Family Court Judge

---

Unpublished Opinion No. 2023-UP-148
Submitted March 29, 2023 – Filed April 6, 2023

---

**AFFIRMED**

---

Vernon Bailey Atkins, III, of Atkins Law Firm, P.A., of Greenville, for Appellant.

Samuel Weldon, of Greenville; and Marianthe Kolokithas Richey, of South Carolina Department of Social Services, of Greenville, both for Respondent.

Megan Goodwin Burke, of Greenville, for the Guardian ad Litem.

_____

**PER CURIAM:** Andrew Walker (Father) appeals a family court order terminating his parental rights to his minor children (Children). On appeal, Father argues the family court erred in finding (1) clear and convincing evidence showed Children were harmed, and due to the severity or repetition of the abuse or neglect, Father's home could not be made safe within twelve months, and (2) termination of parental rights (TPR) was in Children's best interest. We affirm.

On appeal from the family court, an appellate court reviews factual and legal issues de novo. *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Although this court reviews the family court's findings de novo, it is not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *See Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651-52 (2011).

The family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the children's best interest. *See* S.C. Code Ann. § 63-7-2570 (Supp. 2022). The grounds must be proved by clear and convincing evidence. *See S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

The family court found clear and convincing evidence supported three statutory grounds for TPR. Because Father appealed the family court's finding as to only one of the grounds, the family court's findings on the other two grounds are the law of the case. *See Ex parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 653-54 (2006) (holding an "unappealed ruling is the law of the case and requires affirmance"); § 63-7-2570 (stating the family court may order TPR upon finding a statutory ground for TPR is met *and* TPR is in the child's best interest). Therefore, we now turn to whether TPR is in Children's best interest.

We hold clear and convincing evidence showed TPR is in Children's best interest. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013)

("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate.").

The family court ordered Father to complete a psychosexual assessment after finding Father sexually abused his two stepchildren and placed Children at a substantial risk for sexual abuse. Although Father asserted he completed the assessment, he refused to release the results due to his pending criminal charges, leaving DSS unable to ascertain whether further contact with Father would place Children at risk for sexual abuse. Moreover, Children were placed together in a pre-adoptive foster home, and the DSS case worker testified Children were doing well in the foster home. The case worker, Children's mother, and the guardian ad litem believed TPR was in Children's best interest. Thus, we hold TPR is in Children's best interest.

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.